UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>BAYAR HUSSEIN,<br><br>                                    Defendant. | Case No.: 3:24-cr-00214-JES-1<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD-PARTY PETITION FILED BY KRISHA AROMIN**<br><br>**[ECF Nos. 69, 71]** |

On April 9, 2025, Petitioner Krisha Aromin ("Petitioner"), petitioned the Court for a hearing to adjudicate the validity of her interest in a vehicle that was forfeited to the United States pursuant to 21 U.S.C. § 853. ECF No. 69 ("Pet."). On May 2, 2025, Defendant filed a motion to dismiss the third-party petition. ECF No. 71 ("Mot."). Petitioner filed an Opposition to the Government's motion to dismiss, and the Government filed a reply brief. ECF Nos. 81, 82. As outlined below, Petitioner has failed to meet her burden for setting aside the forfeiture order. Accordingly, the motion to dismiss the third-party petition is **GRANTED**.

//

//

## I. PROCEDURAL BACKGROUND

On February 7, 2024, an indictment was returned against Defendant Bayar Hussein ("Defendant" or "Hussein"), charging multiple counts of distribution of cocaine, possession with intent to distribute cocaine and unlawful possession of a firearm. ECF No. 13. The indictment included forfeiture allegations relating to two vehicles, a firearm, ammunition and approximately $48,500 in U.S. currency. *Id.* The instant petition relates to one of the vehicles, a 2018 Cadillac Escalade, bearing California License plate number 8CRE926 and VIN 1GYS3HKJ9JR225190 (the "Escalade").

On May 21, 2024, Hussein pled guilty to Counts 1, 2 and 5 of the indictment (two counts of distribution of cocaine and one count of unlawful possession of a firearm while possessing cocaine with intent to distribute). ECF No. 27. As part of his plea, he consented to the forfeiture allegations of the Indictment, including the forfeiture of the Escalade. ECF No. 29. On February 21, 2025, the Court entered a Preliminary Order of Criminal Forfeiture forfeiting the Escalade to the United States. ECF No. 66.

On April 9, 2025, Petitioner filed the instant petition pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2 asking the Court to adjudicate her interest in the Escalade. *See generally* Pet. She claims that she is the legal owner of the Escalade. *Id.* at 3.

## II. LEGAL STANDARD

The United States is entitled to forfeiture of any property constituting or derived from the proceeds of certain illegal drug transactions, or any property used to commit the illegal activity. 21 U.S.C. § 853(a). However, because § 853 acts *in personam*, "it permits the forfeiture of the defendant's interests only, not the property of innocent parties." *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005).

Federal Rule of Criminal Procedure 32.2(c) allows third parties to file petitions asserting interests in property that has been found to be subject to forfeiture in a preliminary order of forfeiture. The ancillary proceeding to adjudicate third party petitions is governed procedurally by 21 U.S.C. § 853. The petitioner bears the burden of proof in the ancillary

proceeding. *See* 21 U.S.C. § 853(n)(6); s*ee also Nava*, 404 F.3d at 1125 ("The Petitioner bears the burden of proving his right, title, or interest under § 853(n)(6).").

"In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, or for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). A court may grant a motion to dismiss where a petitioner fails to allege in its petition all elements for recovery, including those relating to standing, and the court may dismiss the petition without a hearing. *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996).

To successfully set aside the forfeiture of the Escalade, Petitioner must show, by a preponderance of the evidence, that she:

> has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.

21 U.S.C. § 853(n)(6)(A). The temporal requirement "at the time of the commission of the acts which gave rise to the forfeiture" applies to both "vested in the petitioner rather than the defendant" and the alternative "or was superior to any right, title, or interest of the defendant." *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000). Therefore, to qualify for relief under § 853(n)(6)(A), Petitioner's legal interest must have been vested in her at the time defendant committed his crimes. *Id.*

"Under 21 U.S.C. § 853(n)(6) the 'legal right, title or interest' of the third party is determined by state law." *U.S. v. Alcaraz–Garcia*, 79 F.3d 769, 774 (9th Cir. 1996) (internal citations and quotations omitted). *See also United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir.1996) ("In drug forfeiture actions, ownership of property is determined by state law."); *Hooper*, 229 F.3d at 820 ("State law determines whether Claimants have a property interest, but federal law determines whether or not that interest can be forfeited.").

### III. LEGAL ANALYSIS

It is undisputed that the Escalade was used by Defendant in his drug crimes and that Defendant exercised exclusive dominion and control over the Escalade at the time he committed his crimes. However, Petitioner argues she is the legal owner of the Escalade, because she is the registered owner of the vehicle, she purchased the vehicle on April 5, 2021, and made monthly loan payments during the course of her ownership of the vehicle. Pet. at 3.

Under California law, "[t]he records of the DMV do not necessarily and conclusively establish the true ownership of a vehicle. A certificate of ownership is evidence of title, although not conclusive on the subject." *People v. Clifton*, 171 Cal.App.3d 195, 200 (1985). *See also Liberty Mut. Fire Ins. Co. v. McKenzie*, 88 Cal.App.4th 681, 687–88 (2001) ("Case law makes clear that DMV records are not conclusive on the issue of ownership. When warranted by the specific facts, the court will look 'behind' the transfer to see who, in fact, is the true owner."). "There are several indicia of ownership. Title is one. Possession is another. The rights to transfer and to exercise control over property are also indicia of ownership." *Hoffman v. Connell*, 73 Cal.App.4th 1194, 1200 (1999) (internal citations omitted). Therefore, the fact that the Escalade is titled in Petitioner's name does not conclusively establish her ownership. *See e.g. United States v. One 1971 Porsche Coupe Auto, Vehicle Identification No. 9111100355*, 364 F. Supp. 745, 748 (E.D. Pa. 1973) (holding forfeited vehicle's owner of record was only a nominal owner since he had made a gift of the vehicle to his son, and the son had "sole possession and exercised dominion and control over it").

In its motion to dismiss, the United States argues that Petitioner is merely the nominal owner of the Escalade and that Defendant is the true owner because he exercised dominion and control over the vehicle. Mot. at 5. Further, the United States argues that when the Defendant pled guilty, he represented that he owned the specific property identified in the plea agreement, including the Escalade. Mot. at 5. Moreover, the Defendant used the Escalade to transport and facilitate sales of cocaine on multiple

occasions in October and December of 2023. *Id.* at 5-6. The United States presented declarations from Drug Enforcement Agent Amanda Mejia and DEA Task Force Officer Steven Fealy ("TFO Fealy"). ECF No. 71-1, Exh. A ("Mejia Decl."), Exh. A-2 ("Fealy Decl.").

The declarations support the fact that Defendant is the true owner of the Escalade. On October 18, 2023, during a drug sale, Defendant drove the Escalade and made statements regarding ownership of the Escalade, including: "I have like, about $6,000 left on it," "Every month, I like, put money towards it," and Defendant discussed using the Escalade and other vehicles as a part of his chauffeur business. Mejia Decl. ¶ 9. Further, the Defendant kept the Escalade at his apartment, parked it in his parking garage, which was secured by a metal gate, where he lived alone, and during the criminal investigation, while Defendant was under surveillance, only the Defendant was seen driving the Escalade, not Petitioner. Mot. at 6-7; Mejia Decl. ¶¶ 11-12, 14. Additionally, both the keys and the Escalade were seized at the Defendant's apartment. *Id.* Further, Defendant used the Escalade as a part of his commercial chauffeur business and maintained the interior of the Escalade in a professional condition consistent with this business. *Id.* at 7-8; Mejia Decl. ¶¶ 9, 15, 33. Finally, the day after the Escalade was seized, on January 11, 2024, Petitioner called TFO Fealy, inquired about the Escalade and after being informed that the Escalade was seized, asked if she needed to pay the registration or insurance for the Escalade and when asked by TFO Fealy if the Escalade was still hers, Petitioner stated her and Defendant broke up one year ago and that she does not pay for the car. Fealy Decl. ¶¶ 7-11. When asked by TFO Fealy whether she was denying ownership of the Escalade, Petitioner affirmed that she was and asked how to get her name off the Escalade. *Id.* ¶¶ 12-13. Petitioner does not challenge any of the proffered evidence, instead arguing that she has a legal interest in the vehicle and is the legal owner.

Even if Petitioner purchased the Escalade and made payments on the vehicle, the weight of the evidence shows that at the time of the offense, Defendant had sole possession and exercised dominion and control over the Escalade. *See United States v. Walker*, 607 F.

Supp. 2d 1138 (S.D. Cal. 2009) (Third Party Petition denied where petitioner was the registered owner of vehicle and purchased it, but Defendant had sole possession and exercised dominion and control); *see also United States v. Gamez*, No. 3:12-cr-392-O (BF), 2013 WL 5779629, at *1 (N.D. Tex. Aug. 16, 2013) (Third Party Petition denied where petitioner had certificate of title identifying him as owner of vehicle and bank statements showing that loan payments were in his name, but defendant used and controlled the vehicle for two years and had sole possession of the vehicle and exercised dominion and control over vehicle); *see also United States v. Norman*, No. CRIM. A. 95-86, 1999 WL 959254, at *2 (E.D. La. Oct. 19, 1999) (Third Party Petition was denied where despite being the registered owner and purchaser of vehicle, defendant drove the vehicle routinely, maintained it, and talked with others as if it was his vehicle). Petitioner is at best the nominal owner of the Escalade as Defendant exercised dominion and control over the vehicle during the criminal activity. Therefore, the motion to dismiss the Petition is **GRANTED**.

## IV. CONCLUSION

Accordingly, the United States' motion to dismiss the Third-Party Petition is **GRANTED** and Petitioner's claim to the Escalade is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 5, 2026

Honorable James E. Simmons Jr.
United States District Judge